## SYLVESTER SMITH v. H. P. COOPER.

LANDLORD AND TENANT; *Title, Action to Quiet, Maintained.*  Where land owned by B., and in the actual occupancy of B.'s tenant, R., is sold and conveyed to S., and afterward R. agrees to become the tenant of S., and pays the rents to S., and under such agreement S. permits him to remain in the occupancy of the premises, and afterward C. obtains a tax deed to the premises which is void upon its face, and R. then agrees with C. to acknowledge C. as his landlord, and to pay the rents to C., and R. remains in the occupancy of the property, *held,* that S. is in such possession of the property "by himself or tenant" that he may, under ₴ 594 of the civil code, maintain an action against C. to quiet his title.

### *Error from Pratt District Court.*

ACTION brought in the district court of Pratt county, on February 22, 1886, by *Sylvester Smith* against *H. P. Cooper,* under § 594 of the civil code, to quiet the title of the plaintiff to certain real estate situated in the city of Saratoga, in said county.    At the April Term, 1886, the case was tried before the court without a jury, and the court found generally in favor of the defendant and against the plaintiff, and also made the following special findings, to wit:

"1. Did the plaintiff at any time have the legal title and actual possession by tenant of lot 7, block 18, in the city of Saratoga, Pratt county, Kansas, and if so, from whom and when did he so receive title and possession?    *Ans.:* Yes

From F. Baumberger, on June 25, 1885, and possession July 1, 1885.

"2. If plaintiff received title June 25, 1885, and actual possession by tenant, when did said title and tenancy cease, or when was plaintiff divested of such title and possession? A. Title did not cease; possession ceased October 1, 1885.

"3. Had plaintiff title to said property, and had plaintiff actual possession of said property at the time of the commencement of this action? A. He had title, but not possession.

"4. Did the plaintiff at any time, or anyone who had a right under the law, redeem or offer to redeem said lot from the tax sale on which said tax deeds were based, and if such taxes were paid or tendered, when were such taxes paid or tendered? A. The taxes were tendered to the county treasurer, February 22, 1886.

"5. If the tax deed issued September 9, 1885, was void on its face, did the owner of said lot have a right to redeem said lot from said tax sale at any time prior to the issuing of the tax deed on April 8, 1886? A. Yes.

"6. If the defendant had at the time of the commencement of this action the legal title to and was in the actual possession of said lot, how and when did defendant derive and obtain such title and possession? A. He had not the legal title. He had color of title under his tax deed, and obtained possession October 1, 1885, by tenant Ross.

"7. If the tax deed issued September 9, 1885, was void on its face, did the tax deed issued April 8, 1886, relate back so as to make defendant's title and possession good and valid from the issuing of the tax deed September 9, 1885? A. Not the title, but it did possession, it being unquestioned by plaintiff.

"8. Did the defendant have the legal title to and possession of lot 7 in block 18 in the city of Saratoga, Pratt county, Kansas, at the commencement of this suit as against the plaintiff? A. He had possession, but not legal title.

"9. If a landlord permits a tenant to remain in possession of the premises rented, after the expiration of the time for the payment of rent, without collecting the rents, does such permission necessarily terminate such tenancy? A. No.

"10. Can a tax deed issued April 8, 1886, and after the commencement of this action, be used as a defense in this action, the owner of the property being the plaintiff in this action. A. No.

"11. Should the tax deed dated April 8, 1886, have been

issued, said date being after the commencement of this action?
A. It did not help defendant's title, as a tender of the taxes,
etc., to redeem from the sale, was made in February, 1886."

Judgment was rendered in favor of the defendant and against
the plaintiff for costs; and to reverse this judgment the plain-
tiff brings the case to this court.

*Bowman & Byers*, for plaintiff in error.
*Edwin A. Austin*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was brought under § 594 of
the civil code, which reads as follows:

"SEC. 594. An action may be brought by any person in
possession, by himself or tenant, of real property, against any
person who claims an estate or interest therein adverse to him,
for the purpose of determining such adverse estate or interest."

Under this section and the facts of this case, the main ques-
tion presented for our consideration is whether the plaintiff
was in the possession of the property in controversy or not,
either "by himself or tenant." On June 25, 1885, and prior
thereto, the property belonged to Fritz Baumberger, and was
actually occupied by his tenant, W. W. Ross. On that day
the property was sold and conveyed by warranty deed by
Baumberger to the plaintiff, Sylvester Smith. On July 1,
1885, Ross acknowledged the plaintiff as his landlord, and
agreed to pay the subsequent rents to him, and under this
arrangement the plaintiff permitted Ross to remain in the
occupancy of the premises as his (plaintiff's) tenant. The
rent was to be $15 per month, and Ross paid such rent to the
plaintiff for the next two months. The plaintiff at the time
had the unquestioned title to the property, and his contract
with Ross gave to him the actual possession of the property
by his tenant. On September 9, 1885, the defendant, Cooper,
obtained a tax deed to the premises, and put it upon record,
but it was void upon its face, and therefore gave him no
rights; but, nevertheless, on October 1, 1885, the tenant,

Ross, agreed to acknowledge Cooper as his landlord, and to pay the further rents to him. On February 22, 1886, the plaintiff tendered to the county treasurer the full amount of all the taxes due on the property, together with interest, penalties and costs, and then commenced this action. Ross was still in the actual occupancy of the premises, the defendant's tax deed was still void, and the plaintiff had the incontrovertible right to redeem his land from the taxes. We think the plaintiff, at the time of the commencement of this action, was in the possession of his property by his tenant, Ross; for Ross, by contract and agreement with the plaintiff, became his tenant on July 1, 1885, and was allowed to remain in the possession of the property because of such agreement and tenancy, and no change of title has occurred since. The defendant's tax deed did not extinguish the plaintiff's title, nor even lessen it in the slightest degree. The tax deed was void, and Ross could not attorn to the defendant or cease in law to be the plaintiff's tenant; nor could he, as against the plaintiff, become the defendant's tenant. (Landlord and Tenant's Act, §14.) Ross held his possession and occupancy under the plaintiff and the plaintiff's grantors. Of course where a landlord's title is extinguished or ceases to exist during the tenancy, the tenant may recognize the new owner as his landlord, and may show, as against his former landlord, that such landlord's title has ceased to exist, but he cannot deny that such landlord had a good and valid title when he procured his tenancy from him. Under the facts of this case, we think the plaintiff was in the possession of the property by his tenant when this action was commenced, and that, in such action, he had then and still has the right to have his title quieted as against the defendant. Of course the plaintiff must keep his tender good. He must pay the taxes which he tendered on February 22, 1886. As before stated, as no valid tax deed had then been issued, the plaintiff had the right to redeem his land from the taxes, and as he tendered the full amount of all the taxes against it, with all the interest, penalties and costs which had then ac-

crued, no valid tax deed could afterward be executed upon the same premises for such taxes.

The judgment of the court below will be reversed, and the cause remanded, with the order that judgment be rendered in favor of the plaintiff and against the defendant, quieting the plaintiff's title.

All the Justices concurring.