FLETCHER OLIVER v. MARY A. GARY.

TENANT — *Note* — *Surety* — *Authority of Lessor.* A surety on a note given by a tenant for the rental of land cannot dispute the authority of the lessor, when the tenant was given and held full and peaceable possession of the land for the entire term of the lease.

*Error from Bourbon District Court.*

THE case is stated in the opinion.

*John H. Crider*, and *J. D. McCleverty*, for plaintiff in error.
*Hill & Chenault*, for defendant in error.

Opinion by HOLT, C.: On May 2, 1885, Mary A. Gary executed a lease to W. R. Skillman for eighty acres of land in Bourbon county, for the agreed rental of $300, evidenced by two notes, one for $100, payable to James P. Clark; the other for $200, payable to Mary A. Gary, of which the following is a copy:

"FORT SCOTT, KANSAS, May 2, 1885.—On or before Oct. 1, 1885, after date, I promise to pay to the order of Mary A. Gary the sum of two hundred dollars, value received, payable at the First National Bank, Fort Scott, Kansas, with interest from date at the rate of 8 per cent. per annum.

W. R. SKILLMAN.
J. H. PLANK.
FLETCHER OLIVER."

She brought suit on this note against Fletcher Oliver, and at the May term, 1887, of the Bourbon district court recovered a judgment of $233. This judgment is complained of, and asked to be reversed in this court. It was admitted at the trial that the title to the eighty acres was in Benjamin Gary, husband of the plaintiff, and that when the lease was made the land was the homestead of Benjamin Gary and Mary A. Gary his wife. It also appeared that he was then insane — confined in the insane asylum at Osawatomie. The defend-

ant offered to prove at the trial by the probate records that he had been adjudged insane before the lease was executed, and that no order had ever been made by the probate court to lease or sell this land; this testimony was held to be incompetent. On the other hand, it is also proven beyond any question that Mrs. Gary gave possession of the land described in the lease to William R. Skillman, and that he remained in peaceful possession thereof until the 1st of March, 1886, occupying and cultivating the land as her tenant.

The defendants in their answer say that he received no valid and legal consideration for said note. In their brief, however, they contend that this land was the homestead of Benjamin Gary, and that his wife, this plaintiff, had no authority to make this lease. This proposition is conceded to be correct abstractly, and were it not controlled by other principles applicable to the facts and circumstances, would be accepted as the rule in this action; but this lease, bad once, is good enough now; this paradox the law permits in actions of this nature. In this case the lessee received everything that he bargained for; was given possession of the land, and held it peaceably until after the expiration of the lease. Having received all the benefits of his contract, he cannot now be permitted to dispute the authority of Mrs. Gary to lease him the land, and thereby escape paying for what he has received; the law does not allow him this immunity.

In *Grant v. White*, 42 Mo. 285, where White, the tenant, after he had taken possession and held under the lease, disputed the authority of Julia Grant to make a lease without the concurrence of her husband, the court said:

"The defendant voluntarily entered into this contract, went into possession under it, peaceably occupied the premises according to its terms, and on the plainest principles of justice is estopped from disputing its validity."

*Benedict v. Morse*, 10 Metc. 223; *Jamaica v. Hart*, 52 Vt. 549; *Northampton County's Appeal*, 30 Pa. St. 305; *Mauldin v. Cox*, 67 Cal. 387. See also *Prevot v. Lawrence*, 51 N. Y.

219; *Russell v. Erwin*, 38 Ala. 44; Taylor on Landlord and Tenant, § 629; Gear on Landlord and Tenant, § 165, note 16.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.