## DIXON et al. v. FINNEGAN et al., Appellants.

### Division Two, May 31, 1904.

1. **LEASE: Description.** An instrument of writing which describes the land as "160 acres of land lying in Monroe county, Missouri, and situated in sections three and four, in township 55, range 8" is not a lease, because of the indefinite description of the land.

2. **PARTITION: Lease: Adverse Title.** Partition of real estate can not be defeated by an unexpired valid lease from the common source of title. Posession of the tenant under the lease is not adverse to the lessor, but in harmony with his title.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Jas. P. Boyd* for appellants,

The lease from John Dixon to B. F. Finnegan, read in evidence, together with the proof that the said Finnegan, either prior to or at the date of the execution of said lease, entered into possession of one hundred and sixty acres of the land described in the petition, and continued in possession thereof during the lifetime of said Dixon, constitutes a good and sufficient lease of said lands to the defendant, B. F. Finnegan. And said lease, being for a term of more than three years, became an interest in the real estate so leased. R. S. 1899, sec. 3172; Gunn v. Sinclair, 52 Mo. 327; State ex rel. v. School, 162 Mo. 332. The admission of counsel for plaintiffs and the evidence in the cause show conclusively that the defendant, B. F. Finnegan, was, at the date of the death of John Dixon, and had been for several years prior thereto, in the open, notorious, exclusive and adverse possession of one hundred and sixty acres of the lands described in plaintiffs' petition, claiming title thereto. Under such circumstances no partition could be had as against defendant B. F. Finnegan, but the plaintiffs in this suit would be driven first to their action in ejectment against said defendants to recover possession of said land. Wommack v. Whitmore, 58 Mo. 448; Lambert v. Blumenthal, 26 Mo. 471; Rozier v. Griffith, 31 Mo. 171; Phillips v. Gregoire, 41 Mo. 407. An action of partition can not be maintained by one out of possession against one in the exclusive possession and asserting exclusive title thereto. Wommack v. Whitmore, 58 Mo. 448; Colvin v. Hauenstein, 110 Mo. 575. The evidence clearly shows that none of the cotenants were in possession of the lands described in defendants' answer. A disseizin of cotenants, or an adverse possession amounting to such, destroys the unity of possession, and takes away the right of partition. Lambert v. Blumenthal, 26 Mo. 471; Gott v. Powell, 41 Mo. 416; Haeusler v. Iron Co., 110 Mo. 188.

*John C. Peirsol* for respondents.

(1)   There is absolutely no description of this one hundred and sixty acres in said instrument by which anyone could identify the land, or which points to any extraneous facts which would enable anyone to identify it.   That a deed or lease must contain such a description of the land intended to be conveyed or leased in order to make it effective as a deed or lease, is so elementary a principle of law as to need no citations in support of the proposition.   (2)   The authorities cited by appellants' counsel are not in point, because there was no evidence upon which to base their application.   This cause was tried upon an issue of fact, and there was, and is, no question of the law applicable to the case, and we can see no need for citing any authorities.

BURGESS, J.—This is an action for the partition of three hundred acres of land in Monroe county among the heirs of John Dixon, deceased, who was its owner in fee at the time of his death.   The defendant, B. F. Finnegan, is the husband of the defendant, Matilda M. Finnegan, who is a daughter of said John Dixon.   B. F. Finnegan by his answer denies the right of plaintiffs to the partition of that part of the lands described in plaintiffs' petition as lot two in the northwest quarter of section three, and lot two in the northeast quarter of section four, in township fifty-five, range eight, and sets up as a defense that he was in the actual possession thereof and had been since March 1, 1894, under and by virtue of a written lease entered into on September 7, 1894, by the terms of which he leased and rented from John Dixon, deceased, for a term of ten years, beginning on said first day of March, 1894, and ending on March 1, 1904, and further claimed the title thereto by virtue of said lease adversely to plaintiffs.   Defendants' answer admits that John Dixon, deceased, was the common source of title to said lands as alleged in plaintiffs' petition.

The court found that there was no lease, that the land was not susceptible of division, and ordered it sold for cash, the proceeds arising from such sale to be divided between the parties according to their respective interest. Defendant, B. F. Finnegan, appellant, after the usual and necessary motions, exceptions and proceedings brings the case to this court on appeal.

The written lease referred to in the answer is as follows:

"Indian Creek, Mo., Sept 7, 1894.

"Article of agreement by and between John Dixon of Indian Creek, Monroe county, Missouri, party of the first part, and B. F. Finnegan, of the county and State aforesaid, party of the second part.

"Witnesseth that in consideration of one hundred dollars per year from March 1, 1894, the party of the first part agrees to lease one hundred and sixty acres, more or less, of land lying and being in the county of Monroe and State of Missouri, and situated in sections three and four, and township fifty-five, range eight, for the period of ten years, to have and to hold the above-named land with all the rights and privileges of a tenant and to use said land and everything thereon to his best advantage and the party of the second part agrees to do all fencing and pay the above-named amount promptly when due—first payment to be made March 1, 1895, and each year thereafter.

"And the party of the second part agrees to let the party of the first part have fire wood off said land, and the party of the second part agrees to pay the taxes on said land.

"JOHN DIXON,        (Seal)
"B. F. FINNEGAN,     (Seal).

"Witness:    W. A. FINNEGAN,.
"Witness:    J. P. SOHLINGER."

It is contended by appellant that when this lease is read together with the proof which the evidence tended

to show to the effect that Finnegan, either prior thereto or at the date of the execution of said lease, entered into possession of one hundred and sixty acres of the land described in the petition and continued in possession thereof during the lifetime of said Dixon, it constitutes a good and sufficient lease of said lands to the appellant, and as he was at the date of the death of John Dixon and had been for several years prior thereto in the open, notorious, exclusive and adverse possession of one hundred and sixty acres of the land sought to be partitioned, claiming title thereto, that no partition could be had of the lands, but that plaintiffs would be first driven to their action of ejectment against appellant to recover possession of the land the possession of which was held by him. The court we think correctly held there was no lease, because of the indefinite and imperfect description of the land in the paper read in evidence by appellant and claimed to be a lease. But even if it were a valid lease, and while it is a well-settled rule that an action in partition can not be maintained by one out of possession against one who is in actual, exclusive possession of the land, asserting an exclusive title thereto, in order that this rule may be invoked, disseizin or an adverse possession, amounting to an actual ouster, must be shown in order to destroy the right to such action. [Wommack v. Whitmore, 58 Mo. 448.] There was no adverse possession of the land claimed to have been leased by appellant in this case. Even if he held under a valid lease it was as the tenant or lessee of John Dixon, and not adversely to him, or in hostility to his title, but in harmony therewith.

Finding no reversible error in the record, we affirm the judgment. *Gantt* and *Fox, JJ.,* concur in result.