## PURCELL v. BARNETT *et al.*

No. 1449.   Opinion Filed January 9, 1912.

(121 Pac. 231.)

1. **MORTGAGES—What Law Governs.** B. and his wife on October 16, 1906, for borrowed money, executed to T., as trustee, their deed of trust to certain real estate in the then Indian Territory. Default was made in payments, and the trustee by virtue of the power of sale in said trust deed advertised and sold the premises on January 31, 1908, to M., who, in turn, conveyed them to P., the plaintiff in error. M. was never in possession, and his transfer to P. was also subsequent to statehood. The deed of trust contained a provision that, in case of the sale of the premises by the trustee under the power contained on said trust deed, the relation of landlord and tenant should thereafter exist between the trustee's grantee and his grantors. P. brings ejectment against B. and wife. The trial court held that, inasmuch as M. had never been in possession and the conveyance by him to P. occurring subsequent to statehood, sec. 2215, Comp. Laws 1909, rendered such conveyance null and void. **Held:** The trust deed having been executed by B. and wife prior to statehood, the rights of the parties thereto were fixed and determined by the laws of Arkansas in force in the Indian Territory prior to statehood.

2. **SAME—Requisites and Validity—Relation of Parties.** The provision in said deed of trust that in case of default, and after sale, the relation of landlord and tenant should exist between trustee's grantees and his grantors, is valid and binding on the parties.

3. **CHAMPERTY AND MAINTENANCE—Grants of Land Held Adversely—Offense.** Sec. 2215, Comp. Laws 1909, does not apply under the facts in this case.

4. **MORTGAGES—Rights of Parties—Hostile—Adverse Possession by Grantors in Trust Deed.** Before B. and wife could deny M.'s title by adverse possession, they must have delivered up to him the possession they had given him under and by virtue of their contract and re-established anew their possession.

5. **LANDLORD AND TENANT—Adverse Possession of Tenant.** The general rule is that the possession of a tenant, no matter how long continued, is not adverse, but is in subordination to the title of the landowner, and will not operate to confer a title upon the tenant, unless something has occurred to convert the holding from a friendly to a hostile possession.

(Syllabus by Robertson, C.)

*Error from District Court, Hughes County; John Caruthers, Judge.*

Action in ejectment by Mary Purcell against Maria Barnett and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with instructions.

This action was begun on April 8, 1909, by Mary Purcell, plaintiff in error, who will hereinafter be designated as plaintiff, against Maria Barnett and Joseph Barnett, defendants in error, hereinafter designated as defendants, to obtain possession of the W. ½ of the S. E. ¼ of section 21, township 7 N., range 10 E., in Hughes county, Okla., and for damages for the wrongful detention thereof. Defendants answered and admitted that they were residents of Hughes county, and that the land was correctly described in the petition, but deny that plaintiff is the owner or entitled to the possession of the same. They allege that they are in the possession of said land, and that said possession is lawful, and further say that any pretended claim of title by plaintiff to said lands is void, and of no effect, and was purchased by plaintiff with full notice and actual knowledge of defendants' rights to said land, and, if said claim of plaintiff is a cloud on defendants' title, they ask that it be removed and canceled. Upon the issues thus joined, trial was had to a jury in July, 1909.. At the close of the testimony the court instructed the jury as follows:

"Gentlemen of the jury, the court instructs you in this case that on account of this provision of the statutes of this state, which is now in force as follows, to wit: 'Every person who buys or sells, or in any manner procures, or makes or takes any promise or covenant to convey any pretended right or title to any lands or tenements, unless the grantor thereof, or the person making such promise or covenant has been in possession, or he and those by whom he claims, have been in the possession of the same, or the reversion and remainder thereof, or have taken the rents and profits thereof for the space of one year before such grant, conveyance, sale, promise or covenant made, is guilty of misdemeanor'—and it appears in this case by the undisputed facts disclosed in the record that at the time Taft made the deed to Mason, and Mason to Purcell, the plaintiff, he or Purcell, was not in possession of the land in question, nor had not taken the

rents and profits thereof for the space of one year before such deed was made, and that the defendants were in the possession of the premises in question in this lawsuit at that time, under color of title, the plaintiff cannot prevail in this action, and the court instructs you to bring in a verdict for the defendants."

Whereupon the jury returned a verdict in favor of the defendants and against the plaintiff. A motion for new trial was filed, overruled, and time given to make and serve a case, and the plaintiff brings this appeal to review and reverse said judgment. It appears from the record that on March 16, 1906, the defendants, Maria Barnett and Joseph Barnett, her husband, executed to Harry Lee Taft as trustee their two certain deeds of trust, each upon the land in question; the consideration in the first deed of trust being $700 borrowed money, that of the second deed of trust being $77.60 also borrowed money. The last of the two deeds of trust was foreclosed by virtue of the power of sale in said deed of trust contained. Among other covenants of the said last deed of trust are the following:

"If there shall be a failure to pay said principal or interest or any part thereof, or of any notes given in renewal of the notes herein mentioned, when the same, or any part thereof, becomes due, or to comply with any covenant, agreement, or condition of this indenture, then the whole of the indebtedness secured hereby shall, without notice, at the option of the trustee or legal holder or holders of said note, or either of them become immediately due and payable and the said trustee, acting for himself, or at the request of such legal holder, may proceed to sell the property herein described, or any part thereof, at public vendue to the highest bidder for cash, first giving twenty days public notice of the time, terms and place of sale, and of the property to be sold, by advertisement in some newspaper, published in the district (or should Indian Territory become a state then the county) where the said lands or a part thereof are situated; and upon such sale shall execute and deliver the necessary deed, or deeds in fee simple of the property sold to the purchaser or purchasers thereof, and receive the proceeds of said sale. * * * And the party of the first part further agrees that if default be made in the payment of said note or any part thereof, or of the interest thereon or any part thereof, when the same becomes due, whether by the terms of the said note or because of the exercise of their option by the trustee or the legal holder or holders of said note

to declare the same due as herein provided, it shall be lawful for said party of the second part, in his own name or otherwise or for the owner of the note hereby secured, to bring an action in any court having jurisdiction thereof for the foreclosure of this mortgage, and the costs, abstractor's, and attorney's fees thereby incurred shall be a further lien upon the security herein mentioned. It is expressly understood and agreed between the parties hereto that in case of sale hereunder, either under the power here given or through proceedings of chancery, the relation of landlord and tenant shall thereafter exist between the grantors herein, or those claiming under them, and the purchaser or purchasers at such sale, and the tenancy shall be one from month to month at a rental value of $2.40 per month, payable monthly in advance to the purchaser or purchasers, the first month's rent to be due the day following the day of the sale. The sole consideration of this deed of trust being money loaned to grantors as aforesaid, they hereby, under the act of March 17, 1879, as amended by the government from the laws of Arkansas, waive all right of appraisement or redemption."

Default was made in the payment of the first note secured by the last deed of trust, for which breach of the conditions of said deed of trust the trustee elected to and did declare the whole of said notes at once due, and did, after giving proper notice and advertisement, proceed to sell in accordance with the power given in said deed of trust the mortgaged property at public auction to the highest bidder, M. S. Mason, and thereafter, on the 31st day of January, the trustee executed his trustee's deed for the land in controversy to the said Mason. Mason sold this land by warranty deed to Mary Purcell, the plaintiff. It was admitted that Mason had not been in actual possession of the premises at or before the time of the execution of his aforesaid deed to Mary Purcell, the plaintiff.

*Warren & Miller* and *Clayton & Clayton,* for plaintiff in error.

*Wright L. McFall,* for defendants in error.

Opinion by ROBERTSON, C. (after stating the facts as above). The only question involved in this controversy is the correctness of the instruction of the court as given below. The

court, after reading to the jury section 2215, Comp. Laws 1909, continued:

"It appears in this case by the undisputed facts disclosed in the record that at the time Taft, the trustee, made the deed to Mason and Mason to Purcell, the plaintiff, he or Purcell was not in possession of the land in question, nor had not taken the rents and profits thereof for the space of one year before such deed was made, and that the defendants were in the possession of the premises in question in this lawsuit at that time under color of title.     Therefore the plaintiff cannot prevail in this action."

This contract, having been made in that part of the state formerly known as Indian Territory prior to statehood, must be construed according to the laws of Arkansas, which were in force and effect there at the time.     A deed of trust executed to secure the payment of a debt containing a power of sale upon default is in legal effect a mortgage.     *Turner v. Watkins et al.,* 31 Ark. 429.

By the laws of Arkansas, a mortgage conveyed to the mortgagee the legal title to the mortgaged lands, leaving in the mortgagor only his equity of redemption, and the possession of the mortgagor was not adverse, but in subordination to the right and estate of the mortgagee, and consistent therewith.     *Ringo, Ex., v. Woodruff,* 43 Ark. 469.     In that case it was said:

"No possession which is consistent with that of the mortgagee can be adverse to him.     In equity, as well as in law, the legal estate to the mortgaged premises is in the mortgagee until the debt secured by the mortgage is paid."

Also:

"In equity, the legal estate is in the mortgagee, and is held by him as a trust estate for the purpose of securing the debt and the payment thereof; and upon the default of the mortgagor in the performance of the conditions of the mortgage he has the right to take the possession of the mortgaged premises and apply the rents and profits arising therefrom to the payment of his debt.     Until the mortgagee does so, or being entitled to the possession under the mortgage demand it, the mortgagor has the right to collect the rents and profits and use the same as his own, without being in any manner held accountable to the mortgagee therefor, and to improve, use, occupy, and deal with the mortgaged premises, as the owner thereof, and may lease or sell the

same. In so doing he does not act adversely to the mortgagee, but acts in the exercise of the dominion over the property vested in him by law and in equity. All these acts are, however, subject to the mortgagee's rights. His possession is in subordination to the rights and interests of the mortgagee. But he may, by his acts or declarations, openly repudiate the mortgage, deny the rights or interest claimed under it, and convert his holding into an adverse possession. Until he does so, his possession is subordinate to the rights and estate of the mortgagee and consistent therewith." (*Id.*, 498. See authorities there cited.)

See, also, *Doyle v. Mellen,* 15 R. I. 523, 8 Atl. 709; *Zeller's Lessee v. Eckert,* 4 How. 289, 11 L. Ed. 979; 1 Jones, Mort. 672, and cases cited; *Duke v. State,* 56 Ark. 485, 20 S. W. 600; *Whittington v. Flint,* 43 Ark. 540, 51 Am. Rep. 572; 1 Am. & Eng. Enc. Law (2d Ed.) 815; 1 Cyc. 1069.

We do not agree with the contention of counsel for the defendants that the deeds from Taft to Mason, and from Mason to Purcell, were void by virtue of section 2215, Comp. Laws 1909, which reads as follows:

"Every person who buys or sells, or in any manner procures, or makes or takes any promise or covenant, to convey any pretended right or title to any lands or tenements, unless the grantor thereof, or the person making such promise or covenant has been in possession, or he or those by whom he claims, have been in possession of the same, or of the reversion and remainder thereof; or have taken the rents and profits thereof for the space of one year prior to such grant, conveyance, sale, covenant, or promise made, is guilty of misdemeanor."

As has been seen, this is a contract executed under the laws of Arkansas prior to statehood, and the rights and liabilities of the parties thereto are fixed and determined by the laws in force at the date of the execution of the contract. Among the other provisions of said contract is the following:

"It is expressly understood and agreed between the parties hereto that in case of sale hereunder, either under the power herein given or through proceedings in chancery, the relation of landlord and tenant shall thereafter exist between the grantors herein, or those claiming under them, and the purchaser or purchasers at such sale, and the tenancy shall be one of from month to month at a rental value of $2.40 per month payable monthly in

advance to the purchaser or purchasers, the first month's rent to be due the day following the day of sale."

This clause in the deed of trust clearly created the relation of landlord and tenant between Mason, the purchaser at the sale, and his grantees, as landlord, and the defendants, as tenants. Such an agreement has been held valid and enforceable by the courts.

"An agreement between the mortgagor and the mortgagee, however advantageous to the latter, if not attended with fraud or oppression, is valid, provided it does not interfere with the right of redemption of the mortgagor." (2 Tiffany Law of Real Property, sec. 515.)

Agreements in mortgage by which the mortgagor is to become the tenant at will of the purchaser after sale thereunder are regarded as valid, and a constructive entry will be deemed to have been made by the purchaser at the time of his acquisition of title. *Griffith v. Brackman,* 97 Tenn. 387, 37 S. W. 273, 49 L. R. A. 435, and the notes thereon; 12 A. & E. Enc. Law (2d Ed.) 170; 24 Cyc. 889.

"The parties to a trust deed, as in case of mortgages, may agree that the grantor shall become tenant of the grantee or trustee." (24 Cyc. 890.)

The possession, therefore, of Barnett and his wife, after the sale of the premises by virtue of the power contained in the trust deed, was that of tenant to Mason, and could not become adverse to that of the grantee named in the said deed, and the cases cited by counsel for defendants in support of that contention have no application to such conditions. The theory that section 2215, *supra,* is a criminal statute, and that the deeds complained of were executed subsequent to statehood makes no difference for the reason that the rights of the parties must be determined by the contract, which was made prior to statehood, and as has been seen, and as we now hold, the provisions of the deed of trust under which Taft sold the premises described were legal and binding upon the parties, and those rights thus conferred were extended in force and guaranteed to the parties by virtue of the provisions of the Schedule of the Constitution. The case of *Huston v. Scott,* 20 Okla. 142, 94 Pac. 512, cited by and relied

upon by defendants, is not in point, for that the court in that case held that the transfer of the land in question, while in the adverse possession of the defendant, was void as to the defendant, yet it was also held that the transfer was good between the parties to the conveyance. This was also the effect of the holding in *Galbraith v. Payne,* 12 N. D. 164, 96 S. W. 258. See, also, to the same effect, the cases cited in *Huston v. Scott, supra.* The relation of landlord and tenant therefore having existed between the defendants and Mason, the grantee, and there being not a word in the testimony tending to show that, at any time subsequent to the sale by Mason to Purcell, the plaintiff, any event had occurred sufficient to show the hostile possession of said premises by the defendants, it is an established rule that, before a possession can become such an adverse possession as would amount to color of title, it must be not only actual, but open, notorious, and hostile. See 53 L. R. A. 941; 12 L. R. A. (N. S.) 1148; 6 Cyc. 872; 24 Cyc. 924.

Before Barnetts could deny Mason's title, or Mason's grantee's right of possession, they must first deliver up to him or them the possession they had given under and by virtue of the power contained in the deed of trust. *Brenner v. Bigelow,* 8 Kan. 502; *Forbes v. Caldwell,* 39 Kan. 19, 17 Pac. 478; *Smith v. Cooper,* 38 Kan. 446, 16 Pac. 958; *Oliver v. Gary,* 42 Kan. 623, 22 Pac. 733. The general rule is that the possession of a tenant, no matter how long continued, is not adverse, but is in subordination to the title of the landowner, and will not operate to confer a title upon the tenant, unless something has occurred to convert the holding from a friendly into a hostile possession. *Dickinson v. Ark. City Imp. Co.,* 77 Ark. 570, 92 S. W. 21, 113 Am. St. Rep. 170; *Sparks v. Conrad,* 99 Ga. 643, 27 S. E. 764; *Bullard v. Hudson,* 125 Ga. 393, 54 S. E. 132; *Martin v. Martin* (Iowa) 94 N. W. 493; *Slattery v. Slattery,* 120 Iowa, 717, 95 N. W. 201; *Dixon v. Finnegan,* 182 Mo. 111, 81 S. W. 449; *Bryson v. Boyce,* 41 Tex. Civ. App. 415, 92 S. W. 820; *Townsend et al. v. Boyd,* 217 Pa. 386, 66 Atl. 1099, 12 L. R. A. (N. S.) 1148, and notes.

Counsel for defendants also urge the invalidity of the sale under the power contained in the deed of trust, and contend that

the same was void, for that under the Oklahoma law in force at the time, the trust deed could not be foreclosed without a decree ·of court ordering said land sold, and insists that the matter of foreclosing a real estate mortgage is one of procedure only, gov- ·erning the manner in which the same shall be foreclosed, and directing the payment of the proceeds. This position, as we have· heretofore said, is untenable, for that the rights of the parties ·under the contract complained of were fixed by the terms thereof, ·which, as we have seen, were agreed upon prior to statehood and while the laws of Arkansas were in force. It is a rule so well ·established that citation of authority is unnecessary that the law ·of the land enters into and forms a part of every valid contract, and the enforcement of this contract requires a full consideration ·of the rights of the parties thereto, and these rights having been ·fixed and determined by the laws of Arkansas must also be en- ·forced thereunder. If the question was one only of procedure we ·could agree with the contention of counsel, but it involves more ·than mere procedure; it involves the rights of the parties as fixed ·by solemn contract, which rights are guaranteed to the parties ·by virtue of the Schedule of the Constitution of the state.

As to the next contention, that the burden was on the plain- ·tiff to prove a strict compliance with the law in every act done ·by his trustee, we fully agree, but feel that, in so far as those ·acts of compliance were necessary in the instant case, the record ·shows a full compliance therewith. The indebtedness being for ·money loaned, it was unnecessary to prove appraisement, for by the terms of the trust deed the defendants specifically waived ·the same.

It is next contended that the notice of sale was void, in that ·it was dated December 18, 1007, instead of December 18, 1907. ·There is no merit in this contention, for an examination of the notice shows that a full and complete notice was given, showing the description of the land, the date of the indebtedness, the date ·and place of the sale, together with the nature of the default. The notice expressly stated that the land would be sold on "Tuesday the 21st day of January, 1908, at the hour of 10 o'clock in the morning." The mere typographical mistake in the date of the

notice is insufficient to invalidate what would otherwise be a good notice. No one could possibly be mistaken by the error, and we think it answered fully the requirements of the statute.

For the foregoing reasons it is apparent that the learned judge erred in directing a verdict for defendants. The record shows that the plaintiff was entitled to a judgment for the possession as prayed for in her petition. Therefore the judgment of the district court of Hughes county should be reversed; and the cause remanded, with instructions to enter a judgment in favor of plaintiff and against defendants, in accordance with the prayer of her petition, and in conformity with the views herein expressed.

By the Court: It is so ordered.

All the Justices concur.