## STATE ex rel. COM'RS of LAND OFFICE v. GILBERT.

No. 15684—Opinion Filed Oct. 28, 1924.

(Syllabus.)

### Mortgages — Foreclosure — Receivership — Home Ownership Act.

In an action to foreclose a mortgage executed to the state under the provisions of the Home Ownership Act, the holder of such mortgage, upon a showing of default of any of its terms or conditions as provided in section 9483, Comp. Stat. 1921, is entitled to a receiver as a matter of law.

Error from District Court, McClain County; W. L. Eagleton, Judge.

Action by the State ex rel. Commissioners of Land Office against Sam Gilbert. From refusal of the court to appoint receiver. plaintiff brings error. Reversed and remanded.

Geo. E. Merritt, for plaintiff in error.

C. T. Rice, for defendant in error.

PER CURIAM. This appeal is from an order refusing to appoint a receiver in an action commenced by the state on relation of the Commissioners of the Land Office to foreclose a mortgage on farm land given to secure a loan from the state under the provisions of article 8, chapter 81, Comp. Stat. 1921, commonly known as the "Home Ownership Act." Section 9483, Comp. Stat. 1921, is a part of this act and provides for the foreclosure of such mortgages upon default and for the appointment of a receiver in the following language:

"In case of default in payment of principal or interest due upon any loan made under the provisions of this act or upon the failure of the mortgagor or his assigns to comply with any of the terms or conditions of any mortgage as herein provided. the holder of any such mortgage may file suit in any court of competent jurisdiction to foreclose such mortgage and such court shall, upon the application of the plaintiff in said action and a showing of default of any of the terms of said mortgage, appoint a receiver to take charge of the real estate covered by said mortgage. * * *"

At the hearing upon the application for a receiver the proofs established default in the payment of interest on the loan secured by the mortgage, but the trial court refused to make the appointment because no evidence was introduced to show that the indebtedness was not sufficiently secured, holding that the appointment of a receiver in the case was within the discretion of the court. Section 9483, supra, applies specially to mortgages made to the state under article 8, supra, and therefore enters into and becomes a part of the contract made with reference to such law. In Knight v. Clinkscales, 51 Okla. 508, 152 Pac. 133, it is said:

"The laws which exist at the time and place of making a contract, and at the place where it is to be performed, affecting its validity and construction. enter into and form a part of it."

And again, in Buckley v. Morton, 93 Okla. 45, 219 Pac. 685, this court held:

"The remedy subsisting in a state or territory, when and where a contract is entered into and to be performed, is a part of the obligation."

In Lorando v. Gethro, 117 N. E. 185, the Supreme Court of Massachusetts said:

"When a statute is in force, giving special force and effect to a particular contract, parties who enter into such a contract are held to contemplate and assent to the force and effect attributed by the law to that statute."

The Court of Appeals of Alabama in Cobb v. Home Ins. Co. of N. Y., 91 South. 621, said:

"If a contract is made with reference to the existing law, such law is read into and becomes a part of the contract, whether it is between individuals dealing with each other, or between individuals and the government, where the contract is consummated by an acceptance of the terms of a statute proposing a status which the individual may either accept or reject."

This provision of the act being a part of the mortgage contract, the plaintiff was entitled to a receiver upon a showing of default of any of the terms or conditions of the mortgage as a matter of law.

For the reasons stated, the judgment of the lower court is reversed and remanded, with instructions to appoint a receiver in the above entitled cause.