Carl **POLITTE**, Plaintiff-Respondent,

v.

Lester **COLEMAN**, Defendant-Appellant.

No. 30435.

St. Louis Court of Appeals.

Missouri.

Nov. 15, 1960.

Thurman, Nixon & Blackwell, Earl R. Blackwell, Hillsboro, for appellant.

Dearing, Richeson & Weier, Harry L. C. Weier, Hillsboro, for respondent.

BRADY, Commissioner.

This action was brought by the respondent in two counts. The first count of his petition alleged a lease between him and the appellant for a period of thirty-six months at a rental of $115 per month, acknowledged payment of such monthly rental until August 1, 1956, and prayed for the rent for the remainder of the term: $2,645. In his second count, the respondent alleged damage to the premises by the appellant in the sum of $800. The appellant's answer denied the existence of the lease, claiming that the purported lease was void and invalid for indefiniteness in the description of the property leased, claimed that he abandoned and surrendered the lease in December, 1955, with the consent and acceptance of respondent upon paying respondent all rent due and owing at that time, and also denied committing any damage to the premises. By way of counterclaim, the appellant contended that because the lease was a nullity, the premises were rented on a month to month tenancy, and that since he had paid eight months' rent while occupying the premises for only four months, he was entitled to four months' refund in rent, or $460. By reply, the respondent set up estoppel of the appellant to claim invalidity because of an indefinite description, due to his action with respect to the leased premises after the execution of the original lease and subsequent to his entry into possession thereof. The jurors were unanimous in their verdict for the appellant on Count II of respondent's petition, and for the respondent on appellant's counterclaim, and returned a nine-man verdict for respondent in the amount of $1,330 on Count I of his petition.

The appellant has presented two points for our consideration. The first point is that the trial court committed prejudicial error in overruling his motions for a directed verdict based on the alleged invalidity of the lease because of the indefiniteness in the description of the particular property leased, or part of the property to be occupied by the appellant, and the extent

and quality of such occupancy. The description set forth in the alleged lease reads in this manner:

"The property commonly known as 'White City' located on Hy 110, about 2½ miles East of DeSoto, Mo, on South side of said Highway."

The second point is that the trial court erred prejudicially in refusing appellant's offered Instruction D-5. That instruction reads as follows:

"Instruction No. D-5

"The court instructs the jury that the written lease between plaintiff and defendant as mentioned in evidence was and is void and invalid for indefiniteness in description of the particular property leased or part of the property which was to be occupied by the defendant, and that the tenancy relationship between plaintiff and defendant was a tenancy from month to month. The jury is therefore instructed that if you find and believe from the evidence that defendant paid plaintiff all rent due and owing for the period in which the month to month tenancy existed, then your verdict should be for the defendant on Count I of plaintiff's petition."

It is obvious that a consideration of appellant's second point is dependent upon and controlled by the decision upon the principal point of this appeal.

Since the issue presented for our decision is purely one of law, and since there is no dispute as to the description of the premises contained in the purported lease, no useful purposes can be served by reciting the factual situation surrounding the signing of this lease, or the subsequent subleases. For this reason, recitation of the factual situation disclosed by the transcript is omitted except as those facts may bear upon the question of estoppel.

We are cited by the appellant to the cases of Dixon et al. v. Finnegan et al., 182 Mo. 111, 81 S.W. 449; Jackson et al. v. Merz, Mo.App., 223 S.W.2d 136. In the Dixon case, the Supreme Court, and in the Jackson case, this court, held descriptions in leases to be void for indefiniteness. For similar decisions upon the point of an indefinite description when found in a deed, see Mudd et al. v. Dillon, 166 Mo. 110, 65 S.W. 973; and Martin et al. v. Kitchen et al., 195 Mo. 477, 93 S.W. 780. However, the principles of law enunciated in the above cited cases are of little assistance to us in this case, for the point upon which this case turns was not raised in either the Jackson case or the Dixon case. The principle of estoppel which we believe controls this case finds early expression, although not in precise terminology, in Hoyle et al. v. Bush et al., 14 Mo.App. 408. In a later case, Gentry v. Fitzgerald, Mo.App., 212 S.W. 39, the plaintiff brought suit on a written lease to recover rent. The property was described in the lease as "East upper flat 908 West 3rd St." and the court held, at loc. cit. page 40, that where the contract has been fully performed by the owner or lessor by putting the lessee in possession, the lessee is not entitled to use an indefinite description as a defense. The court cited Bless v. Jenkins, 129 Mo. 647, 31 S.W. 938; and Chenoweth v. Pacific Express Co., 93 Mo.App. 185.

There is no dispute in this evidence but that Coleman was placed in actual physical occupancy of the premises after the execution of the lease, and that he paid the rent for his own occupancy. It is also undisputed that Coleman thereafter subleased to at least four other persons, collecting some of the rent from them and paying it to the lessor's agent, Joseph Politte. Under these circumstances, he cannot now be heard to claim that the description in the lease under which he went into possession and which was contained in the sublease which he executed as sub-lessor is so indefinite as to render the original lease void and thus excuse him from the payment of rent. Hoyle et al. v. Bush et al., supra; Gentry v. Fitzgerald, supra.

The judgment should be affirmed. **The** Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of this court. The judgment is therefore affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.