CASE 5—INDICTMENT—JUNE 6.

# Commonwealth vs. Gray.

APPEAL FROM OHIO CIRCUIT COURT.

An indictment charging that the defendant, as one of the judges of an election, "*knowingly and unlawfully*" received the vote of one not entitled to vote, is sufficient, without showing whether the sheriff or the other judge was in favor of, or opposed to, allowing the illegal vote to be cast.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

Section 8th, chapter 32, of article 12th, of the Revised Statutes (*Stanton, p.* 452), provides, that "*any* judge or sheriff who shall knowingly and unlawfully receive the vote of any other

Commonwealth vs. Gray.

than a qualified voter, shall, for every such offense, be imprisoned from one to six months, or fined from fifty to five hundred dollars, forfeit any office he then holds, and be disqualified from holding any office."

Under this statute the appellee, *Allan B. Gray*, was indicted for "knowingly and unlawfully" receiving, as one of the judges in a congressional election, in Ohio county, Ky., the vote of C. C. Thompson, who had not resided in the State of Kentucky, and county of Ohio, one year, nor in the precinct sixty days—of which facts the said judge was fully apprised when he so received the said vote.

And, on demurrer, the circuit court dismissed the indictment.

The indictment clearly alleges all the facts necessary to constitute the offense denounced by the statute. If, as charged, Thompson voted, and the appellee, as one of the judges of the election, knowing that he was not a qualified voter, nevertheless received his vote, or did not object to it, his act was criminal, however the other judge and sheriff may have acted. But, *prima facie*, both judges concurred, or the appellee and sheriff co-operated in receiving the unlawful vote. And if there was any such co-operation, the other concurrent officer or officers may have been ignorant of the illegality, and, therefore, innocent, or, if guilty, that cumulative guilt could not exculpate the appellant, who should be personally and severally liable to punishment for his own unlawful act in receiving, as charged, the illegal vote. It was not at all necessary, therefore, to show how the other officers acted.

As we perceive no essential defect in the indictment, and none has been even suggested in argument, we must conclude that it is substantially good and sufficient.

Wherefore, the judgment sustaining the demurrer and dismissing the prosecution is reversed, and the cause remanded, with instructions to overrule the demurrer.