UNITED STATES *v*. DAVIS and others.

*(District Court E. D. Missouri, E. D.* November 21, 1887.)

INDICTMENT—JUDGES OF ELECTION—JOINDER OF PARTIES.

In Missouri, judges of election and clerks of election have several and not joint duties: and where they are jointly indicted for neglect of duty the indictment will be held bad. Persons who, as officers of an election, have different duties to perform, cannot be jointly indicted for neglect of their several duties. To authorize a joint indictment, the duty imposed on the defendants must be a joint duty.

*Thos. P. Bashaw,* U. S. Dist. Atty., and *D. P. Dyer,* special counsel, for plaintiff.

*C. M. Napton,* for defendants.

THAYER, J. In the case of *U. S.* v. *Davis et al.*, the indictment is against six persons, four of whom are described as judges of election, and the other two as clerks of election. The indictment is drawn under the first clause of section 5515, Rev. St. U. S., which provides, in substance, that any officer of an election at which a representative in congress is voted for, "who neglects or refuses to perform any duty in regard to such election required of him by any law of the United States, or of any state or territory thereof," shall be deemed guilty of an offense, etc.

These defendants are charged jointly, in one and the same count, with neglecting and refusing at a congressional election to perform certain duties imposed upon them, or supposed to have been imposed upon them,

by the laws of the state of Missouri; that is to say, with neglecting and refusing to "sign and attest" the poll-book, and to set down at the foot thereof the total number of persons marked "voted" in the poll-book. If the duty alleged to have been violated was a joint duty imposed alike on judges and clerks of election by the laws of the state, they might be indicted jointly for a willful omission or refusal to perform the duty. But it so happens that the laws of the state of Missouri do not impose a joint duty on judges and clerks of election, as was held by the United States circuit court for this district in the case of *U. S.* v. *Green*, No. 2,806, tried at the March term, 1887, *ante*, 619. Judges and clerks of election have *several*, and not joint, duties to perform. Judges of election under the state law certify, under their hands, as to the result of an election. Clerks of election merely attest the signatures of the judges to the certificate. The judges receive and count the ballots; the clerks write "*voted,*" or "*rejected,*" in the poll-books, opposite the voter's name, as the votes are accepted or rejected by the judges. They also enter the voting number of the ballot. No such joint duty is imposed on judges and clerks of election as this indictment describes, and for that reason it seems clear that the indictment is bad, and the demurrer well taken. *Com.* v. *Miller;* 2 Pars. Eq. Cas. 480; *Com* v. *Gray*, 2 Duv. 373; McCrary, Elect. § 481, and cases cited.

The indictment was probably drawn on the theory that the defendants, having violated the same clause of the federal statute at about the same time, might be jointly indicted therefor, although their duties were of a different character. If this theory is correct, it would follow that two persons accused of separate acts of larceny, committed at about the same time, might be jointly charged in the same count of an indictment. No one, I apprehend, would attempt to maintain such a proposition. The vital objection to the indictment is that the particular neglect of duty on the part of the judges of election, which creates the offense as to them, was no neglect of duty, and consequently no offense so far as the clerks of election were concerned, and *vice versa.*

To warrant a joint indictment against several persons, under the clause of the statute above referred to, for neglecting and refusing to perform a given duty, it should appear that the obligation to perform the duty in question rested alike on all the defendants proceeded against. If different duties are imposed on different officers of election, and each fails in the discharge of their several functions, they should be proceeded against separately.

The demurrer is accordingly sustained.