ELIZABETH M. HOLLAND, Respondent, v. METRO-
POLITAN STREET RAILWAY COMPANY, Ap-
pellant.

Kansas City Court of Appeals, May 29, 1911.

1. CARRIERS OF PASSENGERS: Negligence: Passenger Thrown
From Car: Evidence Consistent with Physical Facts. Plaintiff
sued for damages for personal injuries received by being
thrown from a street car. She left her seat and went to the
rear vestibule to alight, and, while standing in the vestibule,
the car was suddenly started forward with a quick motion,
and she was thrown from the car. *Held*, that the demurrer to
the evidence was properly overruled.

2. ———: Evidence: Rebuttal or in Chief: Admission. After the
close of defendant's testimony, plaintiff was permitted to in-
troduce a witness who testified as to the place where plaintiff
fell. This was objected to on the ground that this was evidence
not in rebuttal, but in chief. *Held*, that whether the evidence
was strictly in rebuttal or not, its admission was not preju-
dicial error, as such matters are chiefly in the discretion of
the trial court.

3. ———: Pleading: Variance Between Petition and Instruction:
When Non-Prejudicial. Where the gravamen of the charge
was the negligence of the company in causing the sudden jerk
of the street car at a crossing, a variance between the peti-
tion and an instruction, and also as to the proof, does not
constitute error where the defendant was not prejudiced by it.

4. ———: Passenger Thrown from Car: Measure of Damages.
Where plaintiff's instruction confined plaintiff's right to re-
cover for the injuries which she may have sustained by reason
of being thrown from the car, and for pain of body and mind
already suffered, and for those which she may reasonably suf-
fer in the future, and for permanent injuries, if any, such an
instruction was not a roving commission, but should be sus-
tained.

5. ———: ———: Evidence: Question Assuming Controverted
Fact. Where the question asked conductor by defendant as-
sumed that plaintiff was going to get off the car before it
stopped, the plaintiff's objection thereto was rightfully sus-
tained, because such a question assumed controverted matter
about which the witnesses differed.

6. ———: ———: Acts Preliminary to Getting Off: When Not
Negligent. It is not error to refuse an instruction asked by

defendant which was grounded on the theory that it is negligence for a passenger to get up from his seat on giving the signal for a stop, and to go to the platform, and stand upon it ready to get off when the car stops. Such acts on the part of the passenger are in compliance with the habit of the public, and are expected as they tend to expedite transportation.

Appeal from Jackson Circuit Court.—*Hon. Wm. O. Thomas*, Judge.

AFFIRMED.

*T. B. Buckner* and *John H. Lucas* for appellant.

*Conkling, Rea & Sparrow* for respondent.

BROADDUS, P. J.—This is an action for damages alleged to have been sustained by plaintiff while she was a passenger on one of defendant's cars.

The following statement of the issues raised by the pleadings we ) find to be correct, viz.: "Plaintiff filed her suit claiming she was a passenger on defendant's car on the night of October 8, 1907; intending to alight from defendant's car at Howard and Indiana Avenues. That she gave signal for car to stop but that it did not stop, but only slackened its speed as if to stop at Moulton Avenue, the next street south. That before the car stopped she left her seat and went to the rear vestibule to alight when said car came to a stop, then follows this specific charge: 'That, while plaintiff was standing in said vestibule preparatory to alighting, and while in the exercise of ordinary care, defendant's servants and employees in charge of said car negligently and carelessly and without warning to plaintiff caused and permitted said car to suddenly start forward with a quick and unusual motion; that by reason thereof plaintiff was violently thrown from said car, down to and upon the hard and rough pavement of said street, striking her head, right shoulder and right hip and leg thereon with great force. That, as a direct and immediate result

thereof, plaintiff was greatly shocked and rendered un-conscious, received a severe and painful scalp wound, her skull was fractured, her neck wrenched, her right arm wrenched, sprained and bruised, her right leg bruised and injured, her right hip bruised and wrench-ed out of place and she sustained a great and severe nerv-ous shock.' That said injuries were permanent. De-fendant's answer was a general denial and a plea of contributory negligence."

The case as made by the plaintiff was as follows: On the night of October 8, 1907, respondent with her sister-in-law, Mrs. Wier, boarded appellant's car at Fifth and Delaware Streets to go to her home at 2419 Walrond. After paying her fare she took a seat on the right hand side of the car intending to get out at the intersection of Indiana and Howard Avenues. As the car approached Howard Avenue, she rang the bell in the usual manner for it to stop when that avenue was reached. Defendant's servants in charge did not stop the car at said avenue. Next her sister-in-law rang the bell for the car to stop at Moulton Avenue, the next street south. After this signal was given, and when the car had gone about half the distance from Howard to Moulton Avenue, it slackened its speed in the usual manner as if a stop would be made at the latter avenue. When the speed of the car had begun to slacken, respond-ent, and her sister-in-law, left their seats and walked down the aisle to the rear vestibule, passing the con-ductor on the way. When she reached the vestibule re-spondent took hold with her left hand of one of the rods across the rear end of the car and stood waiting for it to come to a stop. While so standing, the car was started forward so suddenly as to throw her into the street. She received serious injuries from her fall. On cross-examination she stated that she was thrown with her head pointing in the direction in which the car was going.

The defendant's evidence tended to contradict that of plaintiff as to the manner in which she was injured,

and to show that she stepped off the car while it was in motion.

After the close of defendant's testimony the plaintiff was permitted to introduce William Wier as a witness, who testified as to the place where plaintiff fell which was objected to on the ground that it was not in rebuttal, but evidence in chief. The objection was overruled. The evidence, however, was rebuttal in its character. The appellant had introduced evidence to the effect that respondent left the car north of Mounton Avenue and that the car when it stopped was north of said avenue and they further testified that there was blood at the place where she fell. Witness Wier testified that he examined the place the next morning and found that the blood referred to was south of Moulton Avenue and none north of it.

Mr. Goodright, the defendant's conductor, who was a witness for the defendant was asked by appellant the following question: "Mr. Goodright, when you saw these ladies going back to the vestibule after the signal had been given, I will get you to state to the jury whether there was anything in their conduct or appearance which led you to believe or to think they were going to attempt to get off the car before the car stopped?" The question was objected to by the respondent and the objection was by the court sustained.

Instruction 1 and the one on the measure of damages given at the instance of plaintiff were objected to by appellant. Said instruction 1 reads as follows: "The court instructs the jury that if you find and believe from the evidence in this case that on or about the 8th day of October, 1907, defendant was operating the car mentioned in evidence for the purpose of carrying passengers for hire, and that on or about said date plaintiff was a passenger on said car; that she gave a signal, in the manner provided by defendant, for said car to stop at Moulton Avenue in order that she might leave the same, and that said Moulton Avenue was a regular and

customary stopping place for defendant's cars; that after giving said signal for said car to stop plaintiff took a position on the rear platform of said car, in full view of the conductor, for the purpose of stepping off when said car stopped, and that the employees of defendant in charge thereof failed to stop said car at said avenue in obedience to plaintiff's signal, but slackened its speed as if intending to stop the same, and after passing said Moulton Avenue they negligently caused said car to start suddenly or violently forward, and, as a result thereof, plaintiff, while in the exercise of ordinary care for her own safety, was thrown from said car to the street and injured, then it is your duty as jurors to return a verdict for plaintiff."

The defendant asked the court to instruct the jury to return a verdict for the defendant after the close of the testimony of both sides. This the court refused to do. The defendant asked the court to instruct the jury that: "If the jury shall believe from the testimony in the case the act of plaintiff in getting up from her seat and going to the edge of the platform of said car while the same was in motion was a negligent act upon her part, and that if such negligence upon her part occasioned the injury, then the jury will return a verdict for defendant." The court refused to so instruct.

The plaintiff recovered a verdict for $1000, and defendant appealed. It is insisted that the court committed error in not instructing the jury to return a verdict for defendant: "Because plaintiff's account of the accident, taken in connection with the direction her body lay after her fall, is absolutely inconsistent with well known physical laws and facts."

There is no doubt that the car was moving when plaintiff fell, but it is not an admitted fact that she went off the rear vestibule immediately upon her stepping upon the platform. On the contrary, her evidence is that, she stopped and was holding to the bar at the time the alleged jerk was given to the car. Taking these facts

as true, which we must do, for the purpose of defendant's demurrer to the case as made out, the remaining question is could plaintiff have been injured in the manner she claims she was? It is argued that according to physical laws if plaintiff had hold of the iron bar when she was jerked and thrown upon the street, she would have fallen backward instead of forward with her head pointing in the direction in which the car was moving. Physical law teaches us that such would have been the result had there been no interfering cause. The case of Scroggins v. Ry. Co., 138 Mo. App. 215, is cited by appellant as authority for its position. But we do not think it applicable, as it was shown there that the plaintiff was standing on the steps of the car without holding to anything. The court concluded from this circumstance that plaintiff could not have been thrown forward as she testified that she was, and her evidence was rejected as having no probative force. In Pickens v. Ry. Co., 125 Mo. App. 677, a similar case to this in some respects, it is said in speaking of the manner of the plaintiff's fall that: "The direction of her fall was influenced by three opposing forces; the eastward motion she derived from the car, her southward motion in attempting to step from it, and the resistance offered by her attachment to the handhold which certainly could have greatly influenced the direction and nature of the fall."

Under such conditions it would be impossible to tell in what manner a person thrown from a car would strike the ground. Strange things sometimes happen and apparently inconsistent with natural laws, but we should be slow to conclude that because of their apparent impossibility they did not occur. We are not prepared to say that plaintiff could not have been injured in the manner stated, especially as she was holding to the handhold of the car at the time, and of the further fact that she was whirled around while she was falling.

We do not regard the admission of the evidence of the witness Wier, whether it was strictly in rebuttal or not, as prejudicial error. Such matters are chiefly in the discretion of the court. [Evers v. Wiggins Ferry Co., 127 Mo. App. 236; Logan v. Ry. Co., 183 Mo. 582.]

It is claimed that plaintiff's instruction 1 is broader than the pleadings. The petition alleges that plaintiff gave the signal to the conductor to stop at Howard Street, while the instruction requires the jury to find that she gave the signal to stop at Moulton Avenue. This was a variance and also a variance as to the proof as it went to show that she gave the signal to stop at Howard Avenue as stated in the petition. But we agree with plaintiff it was not important, as the petition alleges that the car did not stop at Howard Avenue, but continued on towards Moulton Avenue where it slowed down and where plaintiff was thrown and injured. We cannot see how defendant was prejudiced in the least as the gravamen of the charge is that negligence of the company in giving the sudden jerk of the car which caused the injury at the latter crossing. But as a matter of fact, the signal was given for the car to stop at Moulton Avenue by plaintiff's sister-in-law, Mrs. Wier. That was the substantive fact, and the fact that plaintiff rang for the car to stop at Howard or Moulton Avenue was a mere particular only and could be eliminated without detracting from the cause of action. [Nelson v. Railroad, 113 Mo. App. 702.] And if there was no failure of the substantive fact it was not a departure. [Ridenhour v. K. C. Cable Ry Co., 102 Mo. 270.] And if it was a variance, it was the duty of defendant to make affidavit that it was misled as provided by section 2096, Revised Statutes 1889. Other objections are made to said instruction but it is sufficient to say that they are hypercritical and could in no way materially prejudice defendant in the minds of the jury.

The objections to the instruction of plaintiff on the measure of damages are not well taken. It was not a

roving commission as asserted but it confined the plaintiff's right to recover to the injuries she may have sustained by reason of being thrown from the car, and for pain of body and mind already suffered, and for those she may reasonably suffer in the future and for permanent injuries, if any.

The question asked the conductor Goodright was objectionable because it assumed that plaintiff was going to get off the car before it stopped. Whether plaintiff was going to get off the car before it stopped was a controverted matter about which the witnesses differed. There was no error in the action of the court in refusing to instruct in the language we have quoted for the reason, that, it is not negligence in a passenger to get up from his seat on giving the signal for a stop and go to the platform and stand upon it ready to get off when the car stops. This is in compliance with the habit of the public, and is expected by the company as it tends to expedite transportation.

Affirmed. All concur.