JOHN WELLMAN, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals, June 2, 1914.

1. **TRIAL PRACTICE: Reception of Evidence: Rebuttal.** So far as the evidence of the opponent in a suit at law is to be contradicted or otherwise refuted by any process which consists in diminishing or negativing its force, the original party possesses the right to do this by calling witnesses in rebuttal, after the opponent's evidence has been put in.

2. ———: ———: ———. In an action for personal injuries, plaintiff's evidence tended to show that, while he was on a street crossing, a street car standing immediately south ·of the crossing was backed against him. Defendant's witnesses testified that plaintiff was on the street car, and was injured by attempting to alight while it was moving. Plaintiff then of-

fered to prove in rebuttal that he was not on the car or on any other street car that day, and that he did not step off of a moving car, as testified by defendant's witnesses; but this evidence was excluded on defendant's objection that it was evidence in chief. *Held*, that this evidence was not cumulative on the immediate issue as to how and where plaintiff was injured, and that it was admissible in rebuttal, as tending to contradict defendant's evidence.

Appeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock*, Judge.

AFFIRMED AND REMANDED.

*Boyle & Priest, W. Blodgett Priest*, and *Chauncey H. Clarke* for appellant.

The trial court committed error in granting respondent a new trial on the ground that it erred in excluding evidence offered by said respondent in rebuttal. Said evidence was palpably cumulative of that already introduced by respondent in his case in chief. Stahlman v. United Railways Co., 183 Mo. App. 144.

*John J. O'Brien* and *McShane & Goodwin* for respondent.

(1) The testimony offered by plaintiff and rejected by the trail court was clearly in rebuttal and should have been admitted. Meyrose v. Laurie, 6 Mo. App. 580; Holland v. Railroad, 157 Mo. App. 476. The admission or rejection of evidence in rebuttal where there is any doubt is discretionary with the trial court. The action of the trial court in granting a new trial because it rejected certain evidence in rebuttal, if there were doubt of its being rebuttal, is a judgment of the trial court that it abused its own discretion. An appellate court will not review the discretion of the trial court unless it clearly appears there is an

abuse of such function. (2) An instruction which directs the jury to the pleadings to ascertain the issues or what is necessary to support or deny a verdict is erroneous. Grant v. Railroad, 25 Mo. App. 227.

NORTONI, J.—This is an appeal from an order of the court setting aside a verdict for defendant and awarding plaintiff a new trial. The suit is for damages accrued to plaintiff on account of personal injuries received through the alleged negligence of defendant. At the trial before a jury, the finding was in favor of defendant. The court set the verdict aside on plaintiff's motion for a new trial, on the ground that it had erred in excluding certain evidence offered by plaintiff in rebuttal, and the question for consideration here relates to that matter.

According to the averment of plaintiff's petition, he was crossing Sixth street in St. Louis, to the eastward, at the usual crossing place for pedestrians on the north side of Washington avenue, when defendant, suddenly and without warning, backed one of its street cars, then standing immediately south of the crossing, upon him. In this wise, it is said, plaintiff received a broken hip and other injuries, on account of which he seeks to recover.

The answer consists of a general denial and a mere general averment that whatever injuries plaintiff received were occasioned from his own negligence and not by the fault of defendant.

The evidence for plaintiff tends to prove that there were several street cars standing still about the crossing of Sixth street and Washington avenue, and the rear, or north, end of the car which occasioned his injuries stood very near by, south of the crossing for pedestrians on the north side of Washington avenue. Plaintiff says that, while the car was thus standing motionless, he walked, following two men immediately before him, to the eastward on the foot crossing in the act of cross-

ing Sixth street on Washington avenue.   As he stepped upon defendant's car track, immediately in the rear of the standing car, such car was suddenly thrust backward upon him without warning whatever.   In this manner he was run upon and dislodged from his footing upon the street with such force as to inflict the injury complained of—that is, a broken hip.

The evidence on the part of defendant denies plaintiff's theory of the case *in toto*, in that it goes to the effect that plaintiff was upon the street car and walked off of it while moving so as to occasion his injury.   Defendant's witnesses say that no street car was standing in the street at Washington avenue and Sixth street and that none backed upon plaintiff as he was crossing Sixth street at that point.   Several witnesses, and, indeed, all of them for defendant say that plaintiff boarded defendant's Tower Grove car about a block north of the point at which he says he was injured, and, upon discovering the fact that he had boarded the wrong car, notified the conductor to stop it.   It is said the conductor communicated the signal to the motorman to stop the car at the next corner—that is, at Washington avenue and Sixth street—but before the car reached that point, plaintiff stepped off of it into the street, near the middle of the block, and was thus precipitated forward to his injury.   After defendant had introduced all of its evidence, to the effect last above stated, and rested, plaintiff sought to introduce evidence in rebuttal, to the effect that he was not upon defendant's car at all; that he was not upon any street car during that day; and that he did not step off of the moving car as detailed by the witnesses on the part of defendant.   The court excluded this evidence so offered by plaintiff, on the objection of defendant, to the effect that it was evidence in chief and not in rebuttal. The jury having found the issue for defendant, the court set the verdict aside on plaintiff's motion, for the reason that it erred in excluding the

evidence above referred to in rebuttal, and defendant prosecutes the appeal from that order.

It is urged that the evidence so offered by plaintiff in rebuttal, to the effect that he was not upon defendant's street car and did not step off of a moving car in the middle of the block between Lucas and Washington avenues, is but cumulative in its import, in that plaintiff testified in chief he was injured while walking on the crossing, through the car being backed upon him without warning, and that, therefore, the court erred in awarding a new trial for the purpose of permitting the introduction of such evidence. The evidence so offered and excluded appears to be something more than cumulative to that given in chief by plaintiff, that he was injured by defendant's car moving backward upon him while he was walking across Sixth street on the public crossing, for obviously the assertion that plaintiff was not upon defendant's car and did not step off of it while moving in the middle of the block does not import that he received his injury while walking across the street on the crossing in circumstances suggesting negligence on the part of defendant.

Moreover, when the entire record is reviewed, it appears that plaintiff was afforded no opportunity whatever to speak upon the theory of the case advanced by defendant. There is not a suggestion, either in the examination in chief or cross-examination of the witnesses on the part of plaintiff, that he was upon the car or that he stepped off of a moving car. There is no reference to that matter in defendant's answer, for while it charges plaintiff came to his injury through his own negligence and not because of the fault of defendant, no facts touching this matter whatever are alleged therein. It is not even suggested in the answer that plaintiff was upon the car and stepped off of it while moving, and nothing appears in the case touching this matter until defendant's witnesses came upon the stand. These witnesses all identify plaintiff and the time and

the fact of his injury but say he was not walking across the street at Sixth and Washington avenue at all; on the contrary, it is said by them, that he boarded the car a block north of that point—at Lucas avenue and Sixth street—and upon discovering he had mischosen the car, stepped off of it while moving, as it approached Washington avenue, but near the middle of the block. The record is barren of any statement of fact whatever on behalf of plaintiff or any of his witnesses concerning this matter, and it is obvious he had a right to be heard upon it.

It is certain that, so far as the evidence of the opponent in a suit at law is to be contradicted or otherwise refuted by any process which consists in diminishing or negativing its force, the original party possesses the right to do this by calling witnesses in rebuttal, after the opponent's evidence has been put in. [1 Greenleaf, Evidence (16 Ed.), sec. 466a.] Though it be the evidence to the effect that plaintiff was not upon the car and did not walk off of it while moving, as defendant's witnesses testified he did, is cumulative of plaintiff's theory of the case, to the extent that he was not upon the car when injured, it is not cumulative on the important issue in the case as to how and where he was injured. On the contrary, this evidence was competent in rebuttal, for it tended directly to contradict that introduced on the part of defendant, to the effect that plaintiff received his injury through walking off of a moving street car under circumstances which cast no liability against defendant, at a place different and distinct from the place of the injury declared upon in the petition and given in evidence by plaintiff. [See Holland v. Metropolitan St. R. Co., 157 Mo. App. 476, 479, 137 S. W. 995; State, to the use of Meyrose v. Laurie, 6 Mo. App. 580.] It was error for the court to exclude this evidence

when offered in rebuttal, and it very properly awarded a new trial for that reason.

The order granting a new trial should be affirmed and the case remanded for further proceedings. It is so ordered. *Reynolds, P. J.*, and *Allen, J.*, concur.