STATE OF MISSOURI, Respondent, v. CHARLES HENDRICKS and STELLA HENDRICKS Appellants.

**Kansas City Court of Appeals, May 22, 1916.**

1. **CRIMINAL LAW. Practicing Medicine without License: Joint Indictment.** Two or more persons cannot be jointly indicted where the offense charged is by its very nature several. A license to practice medicine must be obtained by individuals. Each must have his own license. The law does not provide for the issuance of a license to practice medicine jointly to two persons. If two persons engage in the task of medically treating a sick person without a license the two have not committed a joint offense but each has committed a separate offense.

2. ———: ———: ———. The treating of the sick is not an act in itself criminal. It is only so with regard to the particular personal default of the one charged in failing to obtain a license authorizing him to perform that service. And where the offense does not wholly arise from the joint act of all the defendants, but from such act, joined with some personal and particular defect or omission of each defendant, without which it would be no offense, the indictment must charge them severally and not jointly.

3. ———: ———: ———: **Joint Offense.** To convict of a joint offense the act proved must be joint. Each must be guilty of that which the other does. They both must be guilty of one and the same offense.

Appeal from Cole Circuit Court.—*Hon. B. G. Thurmond,* Special Judge.

REVERSED.

*A. T. Dumm* and *Morris & Hartwell* for appellants.

*D. W. Peters* for respondent.

TRIMBLE, J.—The defendants were jointly indicated for practicing medicine without a license from

the State Board of Health in violation of section 8315, Revised Statutes 1909. They were prosecuted jointly and, after a trial, the jury returned a verdict which said: "We, the jury, find the defendants guilty as charged in the indictment and assess the punishment at fifty dollars." When the verdict was read, and before it was received, or the jury polled, or dismissed, the court inquired whether it was intended by the verdict to fix the punishment at $50 each or $50 for both defendants. To this the foreman replied that it was intended' to fix the punishment at $50 for both defendants. Thereupon judgment was rendered against each defendant for $50. Defendants have appealed.

Numerous attacks have been made upon the indictment only one of which we find it necessary to notice. That one is that the defendants are charged with the commission of a joint offense when, in the very nature of things, the offense cannot be joint. The law does not provide for the issuance of a license to practice medicine jointly to two persons. The license to practice medicine must be procured by individuals. [Sec. 8313, R. S. 1909.] Each person must have his own individual license. Neither of the defendants could procure a license for the other, nor could the two obtain a license for a joint undertaking to practice medicine. Hence the case is not like those where a license for a business is necessary and such license can be procured for a joint enterprise. In such two or more jointly carrying on that business without such a license can be jointly indicted. But here the case is different. If two persons engage in the task of medically treating a sick person without a license, the two have not committed a joint offense but each has committed a separate offense.

If one of them has a license he is not guilty; if both are without a license then both are guilty, but

each is guilty of his own offense and not both guilty of one joint offense, the gravamen of the offense is in not having a license and the failure to have a license is a purely personal matter. Failure to procure a license cannot be a joint but is necessarily an individual matter.

In the case of United States v. Kazinski, 26 Fed. Cases, 682, No. 15,508, it was held that two or more persons charged with committing an offense in its nature several, cannot be joined in the same indictment.

The treating of the sick is not an act in itself criminal. It is only so with regard to the particular personal default of the one charged in failing to obtain a license authorizing him to perform that service. In the case of State v. Gray, 10 Mo. 440, the Supreme Court in deciding what may and what may not be charged against several jointly says "if it (the offense) wholly arise from any such joint act, which in itself is criminal *without any regard to any particular personal default of the defendant* . . . indictment may either charge the defendants jointly and severally or may charge them jointly only, without charging them severally." [Italics ours.] The same is held in Commonwealth v. Miller, 2 Pars. Eq. Cas. (Pa.) 480, namely, that where the offense does not wholly arise from the joint act of all the defendants but from such act, *joined with some personal and particular defect or omission of each defendant,* without which it would be no offense, the indictment must charge them severally and not jointly. So in the case at bar, the treating of the sick is not in itself an offense. It becomes so only through the personal default of the defendant who does not secure an individual license from the State Board. If one of them has a license he is not rendered guilty by reason of the

other not being licensed; and if each is without license, then each is guilty of his own individual offense.

In Reg. v. Atkinson, 91 Eng. Rep. 333, it was held that two cannot be jointly indicted for exercising a trade without having served an apprenticeship for the failure to serve the apprenticeship is what occasions the crime and that must of necessity be several. [See, also, State v. Roulstone, 3 Sneed 108; State v. Wilson, 115 Tenn. 731; Cox v. State, 76 Ala. 66; Young v. Rex, 2 East P. C. 833; Rex v. Phillips, 2 Strange 921; United States v. Davis, 33 Fed. 621.]

To convict of a joint offense the act proved must be joint. [Wharton on Crim. Pl. and Pr., sec. 115.] That is, each must be guilty of that which the other does. They both must be guilty of one and the same offense. But suppose A, who is without a license, goes in company with B, who has one, and they both treat a patient. B cannot be convicted because he joined with A in the treatment, for B has a license and is, therefore, not amenable for what he has himself done; nor is he to be convicted for what A has done, since A's failure to obtain a license is not a matter for which B can be held liable. B can say to the prosecutor: "I have a license to do what I have done. If A has not secured one that is a matter between him and the State. I have committed no offense." So that what they have done is not a joint offense since neither is liable for the others fault but is liable only in case he has himself failed to qualify for such duties. This shows that while there may be a joint participation in an act of treatment there is no joint offense created, but the same treatment may constitute one or two offenses according to whether noe or both of them is without a license.

The judgment is reversed and the defendants discharged.