STATE OF MISSOURI, Respondent, v. ROY HUDSON, Appellant.

St. Louis Court of Appeals.    Opinion Filed March 4, 1924.

1. **CRIMINAL LAW: Licenses: Blue Sky Law: Violation: Statutes: Construction.** Section 11931, Revised Statutes 1919, prohibiting the sale of stocks, bonds, and other securities by any person or persons, agent or agents, who have not complied with the provisions of the article (Blue Sky Law), the sale of beneficiary shares, interests and certificates in a domestic investment company are included in and prohibited by the provisions of said section, stock being the share capital of a corporation or commercial company, and such sale means to sell the right to the interest on shares of the capital stock of such company.

2. ———: ———: ———: **Corporations: Blue Sky Law Applies to Both Incorporated and Unincorporated Associations.** Section 11919, Revised Statutes 1919, the Blue Sky Law, applies to every association whether incorporated or unincorporated.

3. **INDICTMENT AND INFORMATION: Blue Sky Law: Joint Information: Charging Violation: Sufficiency.** In a prosecution for a violation of the Blue Sky Law, a charge in the information that "the said Lone Star Supply Company, a domestic investment company, as aforesaid, not having then and there complied with the aforesaid provisions of the Revised Statutes of 1919," cannot be construed as a mere averment of a legal conclusion, not the statement of issuable facts, where the information specifies the provisions of section 11920, Revised Statutes 1919, and avers that said provisions had not been complied with by such company at the time of the offense charged, and if the charge was true, then it was unlawful to sell the stocks, bonds, etc., of such company, and the sale made by the defendant of such securities, as charged, constituted a violation of section 11931, Revised Statutes 1919, and *held* the information was sufficient.

4. ———: ———: ———: ———: **Joint Offense.** In a prosecution for violation of the Blue Sky Law, the information may charge and the defendants may be prosecuted jointly, where the offense charged wholly arises from the joint act of all the defendants, and was criminal in itself without any regard to any personal or particular default or omission of each defendant.

5. **WITNESSES: Questions Assuming Existence of Facts Not Admitted or Proved: Objections Properly Sustained.** In a prosecution for violation of the Blue Sky Law, the court did not err in sustaining

an objection to questions propounded by defendant's counsel to witnesses as to how much they had contributed to the funds for the prosecution of the case, such questions violating the rule of law that questions must not assume the existence of facts which have neither been admitted nor proved.

6. **APPELLATE PRACTICE: Evidence: Exhibits Introduced Without Objection: Error Cannot be Predicated Thereon.** In a criminal prosecution, where the court permitted the State to introduce in evidence certain exhibits, and no objections were made to the introduction of such exhibits, the action of the trial court is not reviewable on appeal.

7. ———: **Criminal Law: Evidence: Cross-Examination of Defendant: No Objections: Not Reviewable on Appeal.** Where no objections were made to questions asked the defendant by the State on cross-examination, an assignment of error based thereon is not reviewable by the appellate court.

8. **CRIMINAL LAW: Licenses: Blue Sky Law: Violation: Evidence: Sufficient to Sustain Conviction.** In a prosecution for a violation of the Blue Sky Law, evidence reviewed and *held* sufficient to sustain a conviction.

Appeal from the St. Louis Court of Criminal Correction.—*Hon. Frank B. Grodzki*, Provisional Judge.

AFFIRMED.

*Bass & Bass* for appellant.

BRUERE, C.—This suit is based on an information filed in the St. Louis Court of Criminal Correction charging the defendant and Helen Meyer with violating the "Blue Sky" law, being section 11931, Revised Statutes 1919, which section makes it unlawful to sell the stocks, bonds or other securities of an investment company that has not complied with the provisions of article 7, chapter 108, Revised Statutes 1919.

Upon a trial the defendant was convicted and his punishment assessed at a fine of five hundred dollars. From this judgment he appeals.

Although section 736, Revised Statutes 1919, provides that prosecuting attorneys shall represent the State and file briefs when any criminal case is sent, from their respective counties or cities, to the Courts of Appeals by

appeal or writ of error, no brief has been filed, on behalf of the State, in this suit.

The defendant is represented by learned counsel who urge a reversal of the judgment herein on the following grounds:

First, insufficiency of the information; second erroneous submission and exclusion of evidence by the trial court; third, error on the part of the trial court in refusing to give defendant's proffered peremptory instruction at the close of all the evidence, which was offered on the theory that there was no sufficient evidence that the defendant sold the stock described in the information.

Omitting caption, formal part, endorsements, signature and oath of the prosecuting attorney, the information is as follows:

"That the Lone Star Supply Company in the city of St. Louis, on the fifth day of April, 1921, an unincorporated association organized in the city of St. Louis and State of Missouri (the said Lone Star Supply Company being then and there other than a state bank, national bank, trust company, real estate mortgage company dealing exclusively in real estate mortgage notes, building and loan association, cooperative company, training school for minors, police and firemen's relief association, bond investment company, insurance company, investment and brokerage house dealing (in the option of the bank commissioner) in municipal securities and other high grade stocks, bonds and securities, exposition company, or a corporation not organized for profit), was then and there selling and negotiating for the sale of stocks, bonds and other securities, to-wit; stocks, beneficiary shares, interests and certificates in said Lone Star Supply Company, said stocks, beneficiary shares, interests and certificates being other than bonds of the United States, bonds of the State of Missouri, notes secured by mortgage on real estate located in the State of Missouri, special road district bonds, tuberculosis hospital bonds, drainage district bonds, levee district bonds, or bonds of any county, township, city, town, village, or school district or other legal subdivision of the State of Missouri),

to persons in the State of Missouri, the said Lone Star Supply Company being then and there a domestic investment company; that on and prior to said fifth day of April, 1921, said Lone Star Supply Company had not filed in the office of the Bank Commissioner of this State, together with a filing fee of $25, the following described documents verified by the oath of a duly authorized officer of said Lone Star Supply Company, to-wit: a statement showing in full detail the plan upon which it proposed to transact business; a copy of all contracts, stocks, bonds, beneficiary interests and certificates or other instruments which it proposed to make with or sell to its contributors; a statement showing the name and location of said investment company, and an itemized account of its property and liabilities, and such other information touching its affairs as said Bank Commissioner might require; and had not filed with the said Bank Commissioner a copy of its articles of association recorded in the office of the recorder of deeds in said city of St. Louis, Missouri, and certified to by said recorder of deeds as a correct copy of said recorded articles of association, together with duly verified and certified copies of all other papers pertaining to its organization; that said Lone Star Supply Company had not then and there complied with the provisions of the laws of Missouri as set forth in article 7, sections 11919 to 11932, both inclusive, of the Revised Statutes of 1919, providing for, defining and regulating domestic and foreign investment companies; that on or about said fifth day of April, 1921, at the city of St. Louis aforesaid, Roy Hudson and Helen Meyer, persons and agents, then and there knowingly, wilfully and unlawfully did sell the stocks, bonds, securities, beneficiary shares, interests and certificates of said Lone Star Supply Company, a domestic investment company as aforesaid, by then and there knowingly, wilfully and unlawfully selling to one Joe Breeden fourteen beneficiary shares, interests and certificates in and of said Lone Star Supply Company, a domestic investment company, as aforesaid, the said Lone Star Supply Company, a domestic investment company, as

aforesaid, not having then and there complied with the aforesaid provisions of the Revised Statutes of 1919, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.''

In support of the contention that the information charges no violation of law, it is urged: first, that in charging the defendant with ''unlawfully selling to one Joe Breeden, fourteen *beneficiary shares, interests and certificates* in and of said Lone Star Supply Company, a domestic investment company'' that had not complied with the provisions of the ''Blue Sky'' law, the information charges no violation of law, because the sale of *''beneficiary shares; interests and certificates''* are not included in nor prohibited by section 11931, Revised Statutes 1919; second, that the charge in the information, ''the said Lone Star Supply Company, a. domestic investment company, as aforesaid, not having then and there complied with the aforesaid provisions of the Revised Statutes of 1919,'' is a mere averment of a legal conclusion, not the statement of issuable facts, and is to be treated as no statement at all; third, that the alleged offense cannot be prosecuted jointly.

As to the first ground for attack on the information, it is contended that *beneficiary shares, interests and certicates* are not instruments *ejusdem generis* with ''stocks, bonds or other securities.''

We think this contention is without merit. Stock is ''the share capital of a corporation or commercial company.'' (Century Dictionary.) It is ''the capital of a corporation or other company, in the form of transferable shares, each of a certain amount.'' (Webster's Dictionary.) A share is ''one of a certain number of equal portions into which property or invested capital is divided, as, the shares of the capital stock of a corporation.'' (Webster's Dictionary.) Stock is ''in the plural, property consisting of shares in joint stock companies.'' (Webster's Dictionary.) Stock means ''in the plural shares.'' (Century Dictionary). To sell fourteen *''beneficiary shares, interests and certificates''* in a domestic investment company simply means to sell the right to the

interest on fourteen shares of the capital stock of said company. The sale of said instruments are included in and prohibited by the provisions of section 11931, Revised Statutes 1919.

Counsel for defendant further urge that inasmuch as the information avers that the "Lone Star Supply Company is an unincorporated association organized in the city of St. Louis and State of Missouri," the information charges no offense, because "the sale of beneficiary shares, interests and certificates, in an unincorporated association is not the offense prohibited and made a crime by section 11931, Revised Statutes 1919, upon which this prosecution is bottomed." In reply to this it will suffice to say that the provisions of the "Blue Sky" law apply to every association whether incorporated or unincorporated. [Sec. 11919, R. S. 1919.]

Addressing ourselves to the second ground for attack on the information, we hold that it is not well taken. While it may be conceded that, standing alone, the statement (used in the information) "the said Lone Star Supply Company, a domestic investment company, as aforesaid, not having then and there complied with the aforesaid provisions of the Revised Statutes of Missouri, 1919," amounts to the averment of a legal conclusion, yet it cannot be so construed in the instant case, because the provisions referred to, in said statement, are set out in the information. It will be noted that the information specifies the provisions of section 11920, Revised Statutes 1919, and avers that said provisions had not been complied with by the Lone Star Supply Company at the time of the offense charged. If this charge was true then it was unlawful to sell the stocks, bonds or other securities of said company; and the sale made by the defendant of said securities as charged constituted a violation of section 11931, Revised Statutes 1919. The information does not charge a mere conclusion of law but specifies the facts upon which the charge is based and is sufficient.

Respecting the last ground upon which the information is attacked, we hold that the offense charged is one which can be prosecuted jointly.

Hawkins in his treatise of the pleas of the crown, in volume 2, chapter 25, section 89, states the rule of criminal pleading, applicable to the question under consideration, as follows:

"It seems certain at this day, that notwithstanding the offense of several persons cannot but in all cases be several, because the offense of one man cannot be the offense of another, but every one must answer severally for his own crime, yet if it wholly arise from any such joint act which in itself is criminal, without any regard to any particular personal default of the defendant, as the joint keeping of a gaming house . . . the indictment or information may either charge the defendants jointly and severally. . . .

"But where the offense indicted doth not wholly arise from the joint act of all the defendants, but from such act joined with some personal and particular default or omission of each defendant, without which it would be no offense, as the following a joint trade without having served a seven years apprenticeship required by the statute, in which case it must be the particular default of each trader which must make him guilty, and one of them may offend against the statute, and the others not, the indictment or information must charge them severally and not jointly; for it is absurd to charge them jointly, because the offense of each defendant arises from a default peculiar to himself. And for the like reason a joint indictment against several, for not repairing the street before their houses, hath been quashed."

The same rule of criminal pleading is also found in 1 Wharton on Criminal Law (6 Ed.), sec. 429, and 2 Burrows, 984. It has also been adopted by the appellate courts of this State in State v. Gray et al., 10 Mo. 277; Barada v. The State, 13 Mo. 66; State v. Presbury, 13 Mo. 243; State v. Murphy et al., 47 Mo. 275; State v. Lehman, 182 Mo. 449, 81 S. W. 449; State v. Hendricks, 193 Mo. App. 661, 187 S. W. 272.

Applying the rule to the offense charged there is no room, in the instant case, to doubt the sufficiency of the

information. The offense charged wholly arises from the joint act of all the defendants and is criminal in itself, without any regard to any personal and particular default or omission of each defendant.

In support of their contention, counsel rely upon the case of State v. Hendricks et al., 193 Mo. App. 660, 187 S. W: 272, and State v. Mitchell et al., 219 S. W. 977. The opinions in these cases clearly recognize and adopt the rule of law hereinbefore stated. In both said cases the defendants were jointly indicted for practicing medicine without a license from the state board of health in violation of section 8315, Revised Statutes 1909. This charge was one which did not wholly arise from such a joint act as is criminal in itself, without any regard to any personal default of each defendant. "The gravamen of the offense is in not having a license and the failure to have a license is a purely personal matter. Failure to procure a license cannot be a joint but is necessarily an individual matter." [State v. Hendricks, 193 Mo. App. 1. c. 661, 662, 187 S. W. 272.]

The cases relied upon by counsel for the defendant do not support their position, but, on the contrary, clearly support the view here taken on the point raised.

Coming to the second ground, relied upon by the defendant for a reversal of the judgment herein, which relates to the alleged erroneous admission of evidence, this is based on the following part of the record herein:

Cross-Examination of Joseph Breeden by Mr. Maher, counsel for defendants:

"Q. How much money did you donate to the prosecution fund, to prosecute this case?

"Miss Frank: I object to that question. Mr. Maher knows very well that no prosecution fund was turned over to our office.

"The Court: Sustained.

"To which ruling of the court the defendants then and there by their counsel duly excepted, and still claims to except."

Cross-Examination of Edward Kuehner by Mr. Maher, counsel for defendants:

"Q. How much did you contribute to the funds for the prosecution of this case?

"Miss Frank: I object to that question, and I want to say that there was no money turned into our office for the prosecution of this case; and Mr. Maher knows that is not a proper question to ask.

"Mr. Maher: I think it is perfectly proper to ask that question in order to show the attitude of this witness.

"The Court: Objection sustained.

"To which ruling of the court the defendants by their counsel then and there excepted and still continues to except."

It is clear, from a mere reading of said extract of the record, that the ruling of the trial court in sustaining the objections made to the questions propounded was proper. Counsel in framing said questions violated the rule of law that questions must not assume the existence of facts which have neither been admitted nor proved. [Walser v. Graham, 45 Mo. App. 629, 1. c. 639; Krup v. Corley, 95 Mo. App. 640, 1. c. 649; Bonslett v. New York Life Ins. Co., 190 S. W. 870, 1. c. 874; Holland v. Railway Co., 157 Mo. App. 476, 1. c. 483, 137 S. W. 995.]

It is next contended that the court prejudicially erred in permitting the State to introduce in evidence, over the objections of the defendants, the literature marked "Exhibit D. & E." A complete answer to this contention is that no objections were made to the introduction of said exhibits.

It is also contended that the trial court committed error in permitting the State to ask the defendant on cross-examination "How many of these certificates of interest have you sold altogether?" In disposing of this contention it will suffice to say that no objection was made to this question.

As to the third ground urged for a reversal of the judgment, counsel for defendant contend that the peremptory instruction should have been sustained, because the

State v. Hudson.

introduction by the State of its Exhibit A, (an instrument that certified ''that Joe Breeden is the holder of fourteen shares of the par value of ten dollars each in the capital of the Lone Star Supply Company, fully paid and non-assessable, subject to declaration of trust in favor of said company, dated 28th day of April, 1920, and filed of record with the trustee; the shares represented by this certificate are transferable only on the books of the company by the holder in person or by attorney on surrender of this certificate properly endorsed.'') which instrument the evidence showed the defendant sold, was not one of the instruments named in the information or covered by section 11931, Revised Statutes 1919.

This contention has already been disposed of by what we have heretofore said in this opinion on the sufficiency of the information.

Defendant's last contention is that the case was not made out beyond a reasonable doubt; and that the conviction does not rest upon substantial evidence. There is no merit to this contention. The evidence adduced, on the part of the State, shows that the sale was made as charged in the information. Moreover, the defendant admitted, at the trial, that the Lone Star Supply Company had not complied with the provisions of the ''Blue Sky'' law when the sale of its stock was made, but tried the case on the theory that said company was exempt from the provisions of said law. Again, the defendant, on the witness stand, admitted that he was the president of said company, that he signed the said certificate, delivered it to the purchaser thereof and received the purchase money.

Finding no reversible error in the trial of this case, the judgment of the trial court should be affirmed. The Commissioner so recommends.

PER CURIAM:—The opinion of BRUERE, C., is adopted as the opinion of the court. The judgment of the St. Louis Court of Criminal Correction is accordingly affirmed. *Allen, P. J.,* and *Becker* and *Daues, JJ.,* concur.